IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL UNION NO. 380 3900 Ridge Pike Collegeville, PA 19426, : Plaintiff : v. : NRG CONTROLS, INC., 48 South Harrisburg Street Steelton, PA  17113-2327 : Defendant : | CIVIL ACTION NO. |

## CIVIL ACTION--COMPLAINT

### I. INTRODUCTION

1.   Plaintiff brings this action pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185, to compel compliance with the collective bargaining agreement between the parties, and to compel compliance with the decision of a joint labor management committee rendered pursuant to the dispute resolution provisions of said agreement.

### II. JURISDICTION AND VENUE

2.   This Court has jurisdiction over this matter under 28 U.S.C. §1331 and 29 U.S.C. §185(a).

1

3. Venue is appropriate in that both Plaintiff and Defendant maintain their offices, the joint labor management committee proceeding that produced the award Plaintiff seeks to enforce was held, and the joint labor management committee award issued, within the geographical boundaries of the Eastern District of Pennsylvania.

### III. PARTIES

4. Plaintiff International Brotherhood of Electrical Workers, Lo. 380 ("Local 380") is a Pennsylvania unincorporated association, and a "labor organization" within the meaning of Section 2(5) of the National Labor Relations Act ("NLRA"), 29 U.S.C. §152(5). Local 380 represents, for purposes of collective bargaining, certain employees of Defendant. Local 380 maintains its principal place of business at 3900 Ridge Pike, Collegeville, PA 19426.

5. Defendant NRG Controls, Inc. ("NRG") is a corporation, and an "employer" within the meaning of Section 2(2) of the NLRA, 29 U.S.C. §152(2). NRG maintains its principal place of business at 48 South Harrisburg Street, Steelton, PA 17113-2327.

### IV. FACTS GIVING RISE TO A CAUSE OF ACTION

6. At all times material to this action, NRG was signatory to an Inside Commerical Agreement with Local 380 (hereinafter referred to as "Agreement"). A true and correct copy of the Agreement is attached as Exhibit 1.

7. The Agreement contains, at Article I, a dispute resolution mechanism providing for

3. Venue is appropriate in that both Plaintiff and Defendant maintain their offices, the joint labor management committee proceeding that produced the award Plaintiff seeks to enforce was held, and the joint labor management committee award issued, within the geographical boundaries of the Eastern District of Pennsylvania.

### III. PARTIES

4. Plaintiff International Brotherhood of Electrical Workers, Lo. 380 ("Local 380") is a Pennsylvania unincorporated association, and a "labor organization" within the meaning of Section 2(5) of the National Labor Relations Act ("NLRA"), 29 U.S.C. §152(5). Local 380 represents, for purposes of collective bargaining, certain employees of Defendant. Local 380 maintains its principal place of business at 3900 Ridge Pike, Collegeville, PA 19426.

5. Defendant NRG Controls, Inc. ("NRG") is a corporation, and an "employer" within the meaning of Section 2(2) of the NLRA, 29 U.S.C. §152(2). NRG maintains its principal place of business at 48 South Harrisburg Street, Steelton, PA 17113-2327.

### IV. FACTS GIVING RISE TO A CAUSE OF ACTION

6. At all times material to this action, NRG was signatory to an Inside Commerical Agreement with Local 380 (hereinafter referred to as "Agreement"). A true and correct copy of the Agreement is attached as Exhibit 1.

7. The Agreement contains, at Article I, a dispute resolution mechanism providing for

the resolution of disputes arising under the Agreement.

8. Specifically, pursuant to Section 1.07 of Article I, grievances which cannot be resolved by Local 380 and the employer are referred to the Labor-Management Committee, where the grievance would be decided by majority vote.

9. On February 26, 2007, Local 380 filed a grievance against NRG for violations of Articles II, Section 2.24, III, IV, V, VI, VII, VIII and IX of the Agreement. A true and correct copy of the grievance is attached as Exhibit 2.

10. The grievance instructed NRG to attend a meeting of the Labor-Management meeting scheduled for March 13, 2007.

11. Thomas G. McClay, representative of NRG, attended the Labor-Management meeting on March 13, 2007.

12. At the meeting, both Local 380 and NRG presented evidence in support of their respective positions.

13. At the conclusion of the presentations, the Labor-Management Committee discussed the findings and unanimously agreed that NRG was in violation of the Agreement. A true and correct of the minutes of the March 13, 2007 meeting is attached as Exhibit 3.

14. By way of remedy, the Labor-Management Committee ordered that all non-signatory contractors and their employees were to cease work on the jobsite immediately. In addition, the Labor-Management Committee gave NRG one week to try to resolve make whole issues.

15. The Labor-Management Committee scheduled a follow-up meeting on the matter on March 26, 2007.

16. NRG was advised of this meeting by letter. A true and correct copy of this letter is attached as Exhibit 4.

17. NRG did not attend the March 26, 2007 meeting.

18. The Labor-Management Committee then issued its final award in this matter, stating:

> The Committee unanimously agreed that NRG has been found guilty of violating the collective bargaining agreement, ARTICLES II, III, IV, V, VI, VII, VIII, and IX.
>
> Settlement is as follows:
>
> 1. All non-signatory sub contractors and their employees are to be removed immediately from the job.
>
> 2. All back wages and benefits are to be paid.

A true and correct copy of the minutes of the March 26, 2007 meeting is attached as Exhibit 5.

19. NRG was served with a copy of the March 26, 2007 Labor-Management Committee minutes by way of certified mail on March 26, 2007, and a copy was received by NRG on March 30, 2007. A true and correct copy of this letter and acknowledgement of receipt is attached as Exhibit 6

20. NRG did not seek to vacate the Award of the Labor-Management Committee; thus, as more than thirty days have passed since the issuance of the Award, it is now final and binding as a matter of law.

21. To date, NRG has failed and refused to comply with each and every aspect of the Award in this matter.

## COUNT I
## 29 U.S.C. §185

22. Plaintiff incorporates by reference the allegations set froth above in paragraphs 1-21 of this Complaint as if more fully stated herein.

23. NRG's refusal to comply with the final and binding arbitration award constitutes a breach of the Agreement.

24. NRG's failure and refusal to comply with the arbitration award has been undertaken in bad faith, and with total disregard of NRG's obligations under the Award and the Agreement.

WHEREFORE, Plaintiff, International Brotherhood of Electrical Workers Local Union No. 380, respectfully requests that this Honorable Court enter the following necessary relief:

a. An Order requiring NRG to comply fully with the Labor-Management Committee's March 26, 2007 Award by, *inter alia*, allowing the conduct of an audit to determine the amount of hours owed for wages and benefits;

b. An Order requiring NRG to pay Plaintiff's reasonable attorneys' fees and costs of this action;

c. Such other and future relief as the Court deems just and proper.

Dated at Philadelphia, Pennsylvania this 6th day of July, 2007.

**JENNINGS SIGMOND, P.C.**

_____
STEPHEN J. HOLROYD, ESQUIRE
The Penn Mutual Towers, 16th Floor
510 Walnut Street
Philadelphia, PA 19106-3683
(215) 351-0670

Counsel for International Brotherhood of
Electrical Workers Local Union No. 380