IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL UNION NO. 380,<br>        Plaintiff<br><br>    v.<br><br>NRG CONTROLS, INC.,<br>        Defendant | : CIVIL ACTION NO. 07-2812<br>:<br>: (Filed Electronically)<br>:<br>: Judge Giles<br>:<br>:<br>:<br>: |

## ANSWER AND AFFIRMATIVE DEFENSES

*Answer*

1. No response is required.

2. The allegations of Paragraph 2 constitute a conclusion of law to which no response is required. To the extent a response is deemed required, it is admitted.

3. The allegations of Paragraph 3 constitute a conclusion of law to which no response is required. To the extent a response is deemed required, it is admitted.

4. Admitted in part, denied in part. It is admitted that IBEW Local 380 maintains its principal place of business in Collegeville, Pennsylvania and that it is a labor organization. The remaining allegations of Paragraph 4 are denied.

5. The allegations of Paragraph 5 constitute a conclusion of law to which no response is required. To the extent a response is deemed required, it is admitted.

6. Denied.

7. Denied. The Collective Bargaining Agreement is a written document and speaks for itself. Plaintiff's attempt to paraphrase the written document is, therefore, denied.

8. Denied. The Collective Bargaining Agreement is a written document and speaks for itself. Plaintiff's attempt to paraphrase the written document is, therefore, denied.

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

13. Defendant is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 13; therefore, they are denied.

14. Denied.

15. Admitted.  By way of further answer, Thomas McClay, the representative of NRG was told he did not need to attend the meeting and that everything would be fine.

16. Admitted.  By way of further answer, Thomas McClay, the representative of NRG was later told he did not need to attend the meeting and that everything would be fine.

17. Admitted.

18. Defendant is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 18; therefore, they are denied .

19. Admitted.

20. The allegations of Paragraph 20 constitute a conclusion of law to which no response is required.  To the extent a response is deemed required, it is denied.  To the contrary, Defendant's representative was told by Plaintiff not to worry that everything would be fine.

21. Admitted.

## COUNT I --29 U.S.C. § 185

22.   Defendant incorporates by reference the responses set forth above in Paragraphs 1–21 of this Answer as if fully stated herein.

23. The allegations of Paragraph 23 constitute a conclusion of law to which no response is required.  To the extent a response is deemed required, it is denied.

24. The allegations of Paragraph 24 constitute a conclusion of law to which no response is required. To the extent a response is deemed required, it is denied.

### *Affirmative Defenses*

25. Plaintiff did not have a valid Collective Bargaining Agreement with Defendant.

26. To the extent a valid Collective Bargaining Agreement between Defendant and Plaintiff existed, it was first breached by Plaintiff.

27. To the extent a valid Collective Bargaining Agreement existed between Plaintiff and Defendant, Plaintiff materially and initially breached Section 2.10 of the Agreement.

28. The Plaintiff's claims are barred by estoppel.

29. Plaintiff's claims are barred since it failed to give Defendant's representative a copy of the alleged Collective Bargaining Agreement, despite repeated requests from Defendant.

30. The Plaintiff's claims are not valid because performance by Defendant pursuant to the terms of the Collective Bargaining Agreement was impossible.

31. Defendant does not use employees of IBEW Local 380.

32. Plaintiff's claims are barred because it has unclean hands.

33. The Complaint fails to state a claim upon which an award of attorneys' fees can be granted.

34. Plaintiff never gave Defendant a copy of the alleged Collective Bargaining Agreement, even after a grievance was filed and despite repeated requests by Defendant. Defendant did not receive a copy of the alleged Collective Bargaining Agreement until it was served with the Complaint and the alleged Collective Bargaining Agreement was attached as an Exhibit.

SL1 748470v1/000000.00000

STEVENS & LEE


BY: /s/ Joseph D. Shelby
    Susan R. Friedman, Esquire
    Attorney I.D. No. 23741
    25 North Queen Street, Suite 602
    Lancaster, PA 17603
    (717) 399-6625
    srf@stevenslee.com

    Joseph D. Shelby, Esquire
    Attorney I.D. No. 69399
    25 North Queen Street, Suite 602
    Lancaster, PA 17603
    (717) 399-1721
    jds@stevenslee.com


Attorneys for Defendant
NRG Controls, Inc.

## **CERTIFICATE OF SERVICE**

       I, JOSEPH D. SHELBY, ESQUIRE, certify that on this date, the foregoing Answer and Affirmative Defenses was filed electronically and is available for viewing on the Court's ECF system and was sent by first class mail, addressed as follows:

>Stephen J. Holroyd, Esquire
>Jennings Sigmond, P.C.
>The Penn Mutual Towers, 16th Floor
>510 Walnut Street
>Philadelphia, PA  19106-3683

>/s/ Joseph D. Shelby
>Joseph D. Shelby

Date:  September 7, 2007