IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| INTERNATIONAL BROTHERHOOD, | : | CIVIL ACTION |
| OF ELECTRICAL WORKERS, LOCAL | : | |
| UNION NO. 380, | : | NO. 07-2812 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| NRG CONTROLS, INC., | : | |
| | : | |
| Defendant. | : | |

**<u>Memorandum</u>**

Giles, J.                                                                    October 3, 2008

Plaintiff International Brotherhood of Electrical Workers Local Union 380 ("Local 380")

brought this action against NRG Controls, Inc. ("NRG") to compel compliance with a collective

bargaining agreement between the parties and to enforce the decision of a joint labor

management committee pursuant to the dispute resolution provisions of the agreement. Local

380 is a labor organization and represents employees performing electrical work employed by

NRG. (Pl.'s Mot. for Summ. J., Ex. 3, Agreement for Voluntary Recognition.) NRG is a

temperature controls company. (Def.'s Mot. for Summ J., Ex. A, McClay Decl. at ¶¶ 2-3.)

**I. Facts and Procedure**

On February 26, 2007, Local Union 380 informed NRG Controls, Inc. by letter that a

grievance had been filed against it for breach of the Inside Commercial Agreement. (Pl.'s Mot.

for Summ. J., Ex. 4, February 26, 2007 Grievance.) The grievance said that NRG had been

awarded a contract with Souderton School District and then had sub-contracted the electrical

work to Gooseworks, a non-union contractor, in breach of the collective bargaining agreement.

Local 380 proposed a settlement requesting immediate removal of the non-signatory contractor,

replacement with a signatory contractor, and all back wages and benefits to be paid to Local 380.

(Id.)

The grievances/disputes procedures and rules of the collective bargaining agreement

between the parties provide, in relevant part:

> Grievances/Disputes:
> *Section 1.05.* There shall be a Labor-Management Committee of three representing the Union and three representing the Employers. It shall meet regularly at such stated times as it may decide. However, it shall also meet within 48 hours when notice is given by either party. It shall select the Union representatives and the Chapter shall select the management representatives.
>
> *Section 1.06.* All grievances or questions in dispute shall be adjusted by the duly authorized representative of each of the parties to this Agreement. In the event that these two are unable to adjust any matter within 48 hours, they shall refer the same to the Labor-Management Committee.
>
> *Section 1.07.* All matters coming before the Labor-Management Committee shall be decided by majority vote. Four members of the Committee, two from each of the parties hereto, shall be a quorum for the transaction of business, but each party shall have the right to cast the full vote of its membership and it shall be counted as though all were present and voting.
>
> *Section 1.08.* Should the Labor-Management Committee fail to agree or to adjust any matter, such shall then be referred to the Council on Industrial Relations for the Electrical Contracting Industry for adjudication. The Council's decision shall be final and binding.

(Pl.'s Mot. for Summ. J., Ex. 1, Inside Commercial Agreement at 2.)

> Article II
> **Section 2.25** The Local Union is part of the International

Brotherhood of Electrical Workers and any violation or annulment
by an individual Employer of the approved Agreement of this or
any other Local Union of the IBEW, other than violations of
Paragraph 2 of this Section, will be sufficient cause for the
cancellation of [t]his Agreement by the Local Union, after a
finding has been made by the International President of the Union
that such a violation or annulment has occurred.

The subletting, assigning or transfer by an individual Employer of
any work in connection with electrical work to any person, firm or
corporation not recognizing the IBEW or one of its Local Unions
as the collective bargaining representative of his employees on any
electrical work in the jurisdiction of this or any other Local Union
to be performed at the site of the construction, alteration, painting,
or repair of a building, structure or other work, will be deemed a
material breach of this Agreement.

All charges of violations of Paragraph 2 of this Section **shall** be
considered as a dispute and **shall** be processed in accordance with
the provisions of this Agreement covering the procedure for the
handling of grievances and the final and binding resolution of
disputes.

(Pl.'s Mot. for Summ. J., Ex. 1, Inside Commercial Agreement at 8.)

The Labor Management Committee, composed of three union representatives and three

employer representatives as required by the terms of the Inside Commercial Agreement, is thus

charged to represent the interests of the union, on one hand, and the interests of the employer, on

the other. Under this dispute resolution arrangement, the three employer representatives are the

functional equivalent of NRG's representative for the purpose of the individual employer's

obligations under the collective bargaining agreement.

The Committee held a meeting on March 13, 2007. (Pl.'s Mot. for Summ. J., Ex. 5,

Minutes of March 13, 2007 Labor Management Committee Meeting.) Tom McClay, President of

NRG, attended on behalf of the employer. (Id; Def.'s Mot. for Summ. J., Ex. A, McClay Decl. at

¶ 30.) Ken MacDougall, Local 380 Business Manager, spoke on behalf of the union. (Id.) At the meeting, Mr. McClay asserted Local 380 should have provided him with union sub-contractors. (Id.) He also stated that there were no union contractors at the bid opening, and that he thought he had commitments from some contractors in advance of bid day. (Id.) Ken McDougall of Local 380 stated he was not aware that NRG was taking bids. (Id.) He further countered that the collective bargaining agreement required NRG to assign any work only to union contractors and that nothing in the agreement required Local 380 to provide to NRG a list of union subcontractors. (Id.)

The Committee decided, unanimously, that NRG's conduct was in violation of the collective bargaining agreement. (Pl.'s Mot. for Summ. J., Ex. 7, Minutes of March 26, 2007 Labor Management Committee Meeting.) The Committee forwarded the decision to NRG on March 20, 2007 and notified NRG in the same letter that a follow-up meeting to the March 13, 2007 meeting would be held on March 26, 2007. (Def.'s Mot. for Summ. J., Ex. A, McClay Decl. at ¶¶ 46, 47.) Despite having received the letter, neither Tom McClay nor any other representative from NRG attended the meeting. (Pl.'s Mot. for Summ. J., Ex. 7, Minutes of March 26, 2007 Labor Management Committee Meeting.) The Committee unanimously agreed that NRG had violated the collective bargaining agreement, Articles II, III, IV, V, VI, VII, VIII, and IX. (Id.) The minutes of the meeting recorded the award and decision as follows: "1. All non-signatory sub contractors and their employees are to be removed immediately from the job, and 2. All back wages and benefits are to be paid." (Id.) A copy of the decision was served on NRG by certified mail on March 30, 2007. (Pl.'s Mot. for Summ. J., Ex. 8, Letter to Employer and Receipt; Def.'s Mot. for Summ. J., Ex. A, McClay Decl. at ¶ 50.) No appeal to the Council

was sought or filed from this award. (Pl.'s Mot. for Summ. J., Ex. 1, Inside Commercial

Agreement.)   Additionally, NRG did not request any appeal be filed on its behalf. (Compl. ¶ 20.)

This action was brought on July 9, 2007 pursuant to Section 301 of the Labor

Management Relations Act, 29 U.S.C. § 185.   The court ordered the parties to file cross Motions

for Summary Judgment by November 20, 2007.   The court resolves these motions here.

## II. Legal Standard for Summary Judgment

Under Fed. R. Civ. P. 56(c), summary judgment is appropriate "if the pleadings,

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

any, show that there is no genuine issue as to any material fact and that the moving party is

entitled to a summary judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322

(1986); Fed. R. Civ. P. 56(c).   In order to defeat a motion for summary judgment, disputes must

be both 1) material, meaning concerning facts that will affect the outcome of the issue under

substantive law, and 2) genuine, meaning the evidence must be such that a reasonable jury could

return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248

(1986).   Summary judgment is mandated "against a party who fails to make a showing sufficient

to establish the existence of an element essential to that party's case, and on which that party will

bear the burden of proof at trial." Celotex, 477 U.S. at 322-23.   In reviewing a motion for

summary judgment, the court "does not make credibility determinations and must view facts and

inferences in the light most favorable to the party opposing the motion." Siegel Transfer, Inc. v.

Carrier Express, Inc., 54 F.3d 1125, 1127 (3d Cir. 1995).

## III. A Valid Collective Bargaining Agreement Existed Between NRG and Local 380

Whether a party is contractually bound by a collective bargaining agreement is a matter of

law. <u>Morristown Daily Record v. Graphic Communications Union Local 8N</u>, 832 F.2d 31, 33

(3d Cir. 1987); <u>Nursing Home & Hospital Union No. 434 v. Sky Vue Terrace, Inc.</u>, 759 F.2d

1094, 1097 (3d Cir. 1985).  NRG strenuously argues it had no contact with Local 380 since the

Letter of Assent was "allegedly" signed in 1998.  (Def.'s Mot. for Summ. J. at 12.)  Local 380

attaches the signed Letter of Assent to its brief as Exhibit 2. (Pl.'s Mot. for Summ. J., Ex. 2,

Letter of Assent.)  The Letter of Assent provides:

> In signing this letter of assent, the undersigned firm does hereby
> authorize Penn-Del-Jersey Chapter, N.E.C.A. as its collective
> bargaining representative in all matters contained in or pertaining
> to the current and any subsequently approved Inside labor
> agreement between the Penn-Del-Jersey Chapter, N.E.C.A. and
> Local Union 380, IBEW.  In doing so, the undersigned firm agrees
> to comply with, and be bound by, all of the provisions contained in
> said current and subsequent approved labor agreements.  This
> authorization, in compliance with the current approved labor
> agreement, shall become effective on the 4th day of September,
> 1995 by the undersigned employer giving notice to the Penn-Del-
> Jersey Chapter, N.E.C.A. and the Local Union at least one hundred
> fifty (150) days prior to the then current anniversary date of the
> applicable approved labor agreement.

(<u>Id.</u>)  NRG's assertion that the agreement is not valid is frivolous as, by its terms, it encompassed

subsequently approved Inside labor agreements.

### IV.  NRG Was Bound By the Decision of the Joint Labor Management Committee

Since the court has determined the grievance against NRG was properly before the joint

labor management committee, the court's scope of review on the remaining issues is extremely

limited.  Decisions of joint labor management committee's are given the same deference as the

decision of an arbitrator.  <u>Eichleay Corp. v. International Ass'n of Bridge, Structural and

Ornamental Ironworkers</u>, 944 F.2d 1047, 1056 n. 7 (3d Cir. 1991) (citing <u>Griesmann v. Chemical</u>

-6-

Leaman Tank Lines, Inc., 776 F.2d 66, 74 (3d Cir. 1985). U.S. Supreme Court precedent limiting the scope of review of arbitration awards reflects strong federal policy favoring the use of arbitration procedures to settle labor disputes. United Paperworks Int'l Union v. Misco, 484 U.S. 29, 36 (1987). An arbitration award is valid if it meets the standard of "draw[ing] its essence" from the agreement being interpreted. United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 597 (1960). This standard is satisfied when an award is rationally derived from an agreement. Ludwig Honold Mfg. Co. v. Fletcher, 405 F.2d 1123, 1128. The court considers only the award itself, not the reasoning behind the Committee's decision. Id. at 1132.

The joint labor management committee, comprised equally of union representatives and employer representatives, decided, unanimously, that NRG was in violation of the agreement. The decision was clearly rational; NRG had undertaken to contract with a non-union subcontractor while bound by a union contract. Therefore, the joint labor committee lawfully decided in favor of Local 380. Here, the court does not evaluate the reasoning of the committee, it only considers whether there exists a rational basis for the committee's award. Such a rational basis is present here and clearly signified by the agreement of every member, including union and employer representatives, of the committee.

### V. Defendant's Arguments Relating to Its Affirmative Defenses are Untimely and Improper on Summary Judgment

NRG filed affirmative defenses in its Answer filed on September 7, 2007. It now repeats its affirmative defenses and adds to them an assertion of bias and denial of due process. NRG failed to raise these arguments during the court of the joint labor committee's deliberations, or

during the three months following the Committee's award.  In so doing, NRG waived these

objections.  See Service Employees International Union, Local No. 36 v. Office Center Services,

Inc., 670 F.2d 404 (3d Cir. 1982); Graphic Arts Int'l Union v. Haddon Craftsmen, Inc., 489 F.

Supp. 1088, 1093 (M.D. Pa. 1979.)  The law is unequivocal.  The Third Circuit has stated, "[I]f a

defendant has important defenses to an arbitration award he should raise them within the period

prescribed for actions to vacate rather than wait to raise them as defenses in a confirmation

proceeding.  Pennsylvania allows three months for bringing motions to vacate, modify, or correct

an award.  The relatively short statute of limitations evinces a policy of promoting finality of

arbitration."  Service Employees International Union, Local No. 36, 670 F.2d at 412.  NRG's

effort, thus, to raise these defenses on summary judgment is legally unavailing.

### VI. Conclusion

For the foregoing reasons, summary judgment is GRANTED in favor of Plaintiff, Local

380, and against Defendant, NRG.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

INTERNATIONAL BROTHERHOOD,  :    CIVIL ACTION
OF ELECTRICAL WORKERS, LOCAL  :
UNION NO. 380,  :    NO. 07-2812
    :
    Plaintiff,  :
    :
    v.  :
    :
NRG CONTROLS, INC.,  :
    :
    Defendant.  :

## ORDER

AND NOW, this 3rd day of September, 2008, upon consideration of Plaintiff International

Brotherhood of Electrical Workers, Local Union No. 380's Motion for Summary Judgment

(Docket No. 12), Defendant NRG Controls, Inc.'s Motion for Summary Judgment (Docket No.

13), Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment (Docket

No. 14), and Defendant's Response in Opposition to Plaintiff's Motion for Summary Judgment

(Docket No. 15), it is hereby ORDERED that Plaintiff Local 380's summary judgment motion is

GRANTED and Defendant's summary judgment is DENIED for the reasons set forth in the

attached memorandum.

Judgment is entered in favor of the Plaintiff and against Defendant as follows:

1.     The decision of the Joint Labor Committee is CONFIRMED in all respects

pursuant to Section 301 of the Labor Management Relations Act, 29

U.S.C. § 185;

BY THE COURT:

JAMES T. GILES                    J.